# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**PHILIP J. GRINNAN,**
**Claimant Below, Petitioner**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0967** (BOR Appeal No. 2051965)
                    (Claim No. 930021260)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**LIFESTYLE HOMES,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Philip J. Grinnan, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

The issue in this case is whether Mr. Grinnan is entitled to the requested continued use of the medication OxyContin. The claims administrator denied the authorization for the medication OxyContin in an Order dated June 6, 2016. The Workers' Compensation Office of Judges affirmed the claims administrator's Order, on April 5, 2017. This appeal arises from the Board of Review's Final Order dated September 29, 2017, in which the Board affirmed the April 5, 2017, Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Grinnan, a carpenter, sustained an injury to his back on August 5, 1992. His application for benefits indicates that he fell from a roof while carrying shingles. He was diagnosed with an acute left side strain. By Order of the claims administrator dated December 4, 1992, the claim was held compensable. Mr. Grinnan was subsequently awarded medical benefits and temporary total disability benefits. Although the injury occurred over twenty years ago, Mr. Grinnan continues to complain of pain as a result of various procedures to treat his compensable condition. Mr. Grinnan is under the care of David Bender, M.D., who has been treating him with various medications, including OxyContin.

On June 9, 2004, Mr. Grinnan underwent an MRI of his lumbar spine. The MRI revealed postoperative changes on the right side at L5-S1. A small amount of scar formation near the exiting S1 nerve root was noted.

Mr. Grinnan underwent another MRI on September 20, 2007, which revealed degenerative disc disease and degenerative changes within the lumbar spine. No focal disc herniation or significant spinal stenosis was noted. The examiner saw no obvious postoperative changes or definite local disc herniation

A third MRI conducted on February 1, 2015, revealed multilevel degenerative changes, variable disc bulge, and osteophyte with right L5-S1 neuro-foraminal narrowing. Mr. Grinnan's paraspinal tissues looked normal according to the 2015 imaging studies.

In an independent medical evaluation report dated August 21, 2015, Robert B. Walker, M.D., a certified specialist in occupational medicine, indicated that he had reviewed Mr. Grinnan's clinical history and performed a physical examination. Dr. Walker noted that Mr. Grinnan was receiving Xanax, Wellbutrin, Zanaflex, Neurontin, OxyContin, and DDAVP. Dr. Walker stated that Mr. Grinnan's imaging studies were consistent with multilevel degenerative changes and an operated herniated disc at L4-L5. Dr. Walker opined that Mr. Grinnan suffers from lumbar disc disease with widespread degenerative changes, which would best be treated by the encouragement of activity. Although the cause of Mr. Grinnan's pain was uncertain, Dr. Walker believed that it was most consistent with chronic degenerative changes. Dr. Walker indicated that Mr. Grinnan did not fit within the diagnosis of failed back surgery syndrome, and he should be weaned off the medication OxyContin.

In an addendum report dated September 3, 2015, Dr. Walker reiterated his opinion that the cause of Mr. Grinnan's pain was uncertain, but was consistent with chronic degenerative changes. By Order dated September 24, 2015, Mr. Grinnan was authorized for the medication OxyContin 20 mg from November 16, 2015, to February 29, 2016, to provide for a period of weaning and tapering from such medication or to secure an alternate payment source.

In correspondence dated December 7, 2015, Dr. Bender indicated that he had reviewed the independent medical evaluation of Dr. Walker and suggested that Dr. Walker had not had available to him a copy of the MRI of June 9, 2004, which he stated specifically indicated the presence of a scar formation near the exiting S1 nerve root. Dr. Bender encouraged Dr. Walker

to review the case again, taking the June 9, 2004, MRI into consideration. Dr. Bender explained that he has been treating Mr. Grinnan for two decades and that he had attempted to wean him in the past and the attempts at weaning had left him with the inability to perform the essential activities of daily living.

On May 20, 2016, Dr. Bender requested authorization for the continued use of OxyContin as medical treatment to address Mr. Grinnan's ongoing symptoms. The claims administrator denied Mr. Grinnan's request for continued authorization of OxyContin 20 mg in an Order dated June 6, 2016. Mr. Grinnan protested the claims administrator's Order.

The Office of Judges considered the reports from Drs. Bender and Walker, as well as the MRIs taken in 2004, 2007, and 2015. The Office of Judges stated that the earlier MRI reports support the position of Dr. Bender, whereas the later MRIs support the position of Dr. Walker. The Office of Judges noted that Dr. Bender did not comment on the 2015 MRI report, and his statement that it was "very clear from the 2007 report that there was scar tissue on the exiting nerve root" does not appear within the plain language of the report. The Office of Judges concluded that the preponderance of the evidence does not support that the medication OxyContin is reasonable, necessary, and related to the compensable injury.

The Board of Review adopted the reasoning and conclusions of the Office of Judges and affirmed its decision in an Order dated September 29, 2017. After review of the evidence, the Board of Review's Order should be affirmed. The claims administrator relied upon the opinion of Dr. Walker to deny the authorization for continued use of OxyContin as medical treatment. Dr. Walker based his opinion upon the most recent MRI studies and determined that Mr. Grinnan's pain was due to degenerative changes and not the result of his compensable condition. The evidence of record does not support that OxyContin is reasonable, necessary, and related to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker